IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30887
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TIMMY COBBINS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-1657-I (89-295)
- - - - - - - - - -
December 23 1996
Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Timmy Cobbins, federal inmate #21216-034, appeals the denial
of this 28 U.S.C. § 2255 motion.  Cobbins argues that because the
superseding indictment charged him and his
codefendants/conspirators with using "and" carrying firearms
during and in relation to a drug conspiracy and because "and" and
"or" both mean "and," the Government was obligated to prove both
"use" and "carry" under 18 U.S.C. § 924(c), and the Government
did not prove active employment of the firearm, i.e. "use," as

_____

[*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

defined by <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995). He also argues that the jury instructions covering § 924(c) erroneously defined "use" under the statute as defined by <u>Bailey</u> and that in light of the remand in <u>United States v.Fike</u>, 82 F.3d 1315, 1328 (5th Cir.), <u>cert. denied</u>, 117 S. Ct. 241 (1996), Cobbins' case should receive the same result.

We have carefully reviewed the arguments and the appellate record. For essentially the same reasons as explained by the district court in its order denying § 2255 relief, we conclude that the district court did not err in denying Cobbins' motion. See <u>United States v. Cobbins</u>, No. 96-1657 (89-295) (E.D. La. July 31, 1996).

To the extent that Cobbins requires a certificate of appealability (COA) in order to appeal the district court's judgment, we conclude that Cobbins has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2).

AFFIRMED. COA DENIED.